[Civ. No. 45326. Second Dist., Div. Four. Feb. 24, 1975.]

ALTON LEE SPARKS, Petitioner, v.
THE SUPERIOR COURT OF SAN LUIS OBISPO COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

534

---

**COUNSEL**

Clark, Hammer & Cool and Stephen N. Cool for Petitioner.

Robert N. Tait, District Attorney, and Arnold D. Rosenfeld, Deputy District Attorney, for Respondent and for Real Party in Interest.

## OPINION

**KINGSLEY, J.**—Petitioner is charged in respondent court with a violation of section 245 of the Penal Code. He retained Stephen N. Cool as his trial counsel. The case was partially tried and resulted in a mistrial. When the case was again called, the trial court made an order relieving Mr. Cool as counsel for petitioner on the ground that Mr. Cool was employed as a part-time city attorney for the City of Grover City.

■ The only issue before this court is whether the lower court had the authority to remove a privately retained attorney over the defendant's objection, where that attorney is also a city attorney with prosecutorial responsibilities.

### I

The case of *People* v. *Rhodes* (1974) 12 Cal.3d 180, 183 [115 Cal.Rptr. 235, 524 P.2d 363], held that the "vital interests of criminal defendants and the criminal justice system are adversely affected when public prosecutors are permitted to defend or assist in the defense of persons accused of crime," and "it was contrary to public policy" to appoint the city attorney to represent defendant. Based on the decision in this case, the lower court removed Mr. Cool as defense attorney.

It is arguable that *Rhodes* is distinguishable from the situation before us because *Rhodes* involved a court-appointed city attorney, and the instant case involves a privately retained city attorney. It is true that special rules have evolved regarding a defendant's right to a privately retained attorney of his choice. The case of *People* v. *Crovedi* (1966) 65 Cal.2d 199, 207 [53 Cal.Rptr. 284, 417 P.2d 868], held that, although a defendant has no absolute right to a lawyer of his choice, the court should make all reasonable efforts to insure that a defendant financially able to retain an attorney of his own choosing can be represented by that attorney. The *Crovedi* court pointed out that defendant can constitutionally be forced to yield that right only when its observance would significantly prejudice him or "unreasonably disrupt the orderly processes of justice." The *Crovedi* court also pointed out that it would make such decisions on a case by case basis, and it would continue its policy of allowing a defendant to prepare the best defense his resources permit.[1]

---

[1]See 55 California Law Review 1149-1151 (1967).

Applying the rule of *Crovedi* to the situation before us, which involves a privately retained attorney, we find there is no showing that the representation by the city attorney would significantly prejudice the defendant. However, there is reason to believe that representation by any city attorney, including the attorney herein, even though privately retained, would disrupt the orderly processes of justice.

The Supreme Court reasoned in *Rhodes* that "city police officers are the principal source of witnesses relied upon by a city attorney in prosecutions for violations of city ordinances," and a city attorney acting as defense counsel "might be reluctant to engage in an exhaustive or abrasive cross-examination of such officers even though such might well be required." The Supreme Court also noted that a vigorous representation of a criminal defendant by a public prosecutor could result in a "weakening of assistance provided by local and neighboring law enforcement agencies," and the "prosecutor's ability to enforce those criminal laws falling within the scope of his responsibilities as a city attorney would be severely undermined." These detrimental effects pointed out by the Supreme Court in *Rhodes* inevitably apply just as much to a city prosecutor who is privately retained as to one who is court appointed. The rule that defendant's right to be represented by counsel of his own choosing when counsel is privately retained will yield where it will result in significant prejudice to himself or a disruption of the ordinary processes of justice unreasonable under the circumstances of the particular case, has been restated and approved in *People* v. *Brady* (1969) 275 Cal.App.2d 984, 992 [80 Cal.Rptr. 418], and *People* v. *Johnson* (1970) 5 Cal.App.3d 844, 858 [85 Cal.Rptr. 238]. Applying that rule, we find that representation by a city attorney, though privately retained, interferes with the ordinary processes of justice and is unreasonable in this particular case because it may result in a future weakening of assistance to the city attorney by law enforcement agents who might resent the city attorney's defense of a criminal.

Our decision is consistent with dicta by the Supreme Court in *People* v. *Rhodes, supra,* 12 Cal.3d 180, 185, footnote 8,[2] where the Supreme

---

[2] Footnote 8 reads: "The People do not challenge defendant's assertion that he was not informed until after the trial that his counsel was Hanford's city attorney. Although we need not here reach the issue of whether a city attorney may represent a criminal defendant where there is a full disclosure concerning the attorney's official position and responsibilities and the defendant nevertheless agrees or desires to be represented by such attorney, we note that since the interests of the criminal justice system as well as those of the defendant may be adversely affected if city attorneys are permitted to represent criminal defendants, the consent of the defendant alone is not sufficient to render such representation proper."

Court found that "the interests of the criminal justice system as well as those of the defendant may be adversely affected if city attorneys are permitted to represent criminal defendants, the consent of the defendant alone is not sufficient to render such representation proper."

## II

Petitioner argues that, if the decision in *Rhodes* does apply to private counsel hereinafter retained, it does not follow that it should be applied automatically to all such counsel retained in good faith prior to the decision. We agree.

Prejudice to law enforcement or to the administration of justice does not inevitably result in an individual case. Demonstrable prejudice may appear in some cases and the constant use of part-time prosecutors as defense counsel has, as *Rhodes* determines, a tendency to impair the system. It is this latter and persistent practice that *Rhodes* seeks to prevent.

In the case at bench, the arrangements between petitioner and Mr. Cool were made in good faith prior to the *Rhodes* decision. Prejudice to defendant (financially at least) is probable if he is required to change counsel in mid-case.[3] The record does not indicate that the trial court inquired into the possibility of actual prejudice to the judicial system if Mr. Cool continues this case, which he has already prepared and partly tried; the order under attack rests on no findings specifically directed to that issue.

Let a peremptory writ issue directing respondent court to vacate its order purporting to relieve Stephen N. Cool as counsel for the defendant in *People* v. *Allen Lee Sparks,* case No. 9283 in the files of respondent court and, unless after a hearing duly noticed and based on competent evidence it shall find that the continued representation of petitioner by Mr. Cool will necessarily seriously injure law enforcement and the administration of justice in San Luis Obispo County, respondent court shall allow Mr. Cool to continue to represent petitioner in said case.

Files, P. J., and Jefferson, J., concurred.

---

[3]Whether, in the event petitioner is convicted in the criminal prosecution herein involved, it would be proper for Mr. Cool to represent him on appeal is not before us and we do not determine it.