TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

----------------------------
: 
OPINION : 
: 
of : No. 87-905
: 
JOHN K. VAN DE KAMP : <u>DECEMBER 8, 1987</u>
Attorney General : 
: 
ANTHONY S. DaVIGO : 
Deputy Attorney General : 
: 
-----------------------------------------------------------

THE HONORABLE DEVON L. WORKMAN, COUNTY COUNSEL, COUNTY OF GLENN, has requested an opinion on the following question:

May an attorney who contracts with a city to provide services as city attorney not including those as public prosecutor lawfully contract with the county in which the city is located to provide a defense for a criminally accused indigent?

CONCLUSION

An attorney who contracts with a city to provide services as city attorney may lawfully contract with the county in which the city is located to provide a defense for a criminally accused indigent provided that (1) the attorney does not, in fact, exercise prosecutorial responsibilities on behalf of the city, (2) the city expressly relieves the attorney of any and all prosecutorial responsibilities on its behalf, (3) the representation does not involve an ordinance of the city, (4) the accused waives any rights arising out of any potential conflict resulting from the attorney's position with the city, and (5) the city has not otherwise limited or prohibited the attorney from engaging in such representation.

ANALYSIS

It is understood for purposes of the present inquiry that an attorney has entered into a contract with a city to perform, as an independent contractor,[1] certain services traditionally performed by a city attorney.[2] The contract does not include services as a public prosecutor. The question presented for consideration is whether the attorney may lawfully contract with the county in which the city is located to defend an indigent accused of crime.

Government Code section 1126 provides:

"(a) Except as provided in Section 1128, a local agency officer or employee shall not engage in any employment, activity, or enterprise for compensation which is inconsistent, incompatible, in conflict with, or inimical to his or her duties as a local agency officer or employee or with the duties, functions, or responsibilities of his or her appointing power or the agency by which he or she is employed. Such officer or employee shall not perform any work, service, or counsel for compensation outside of his or her local agency employment where any part of his or her efforts will be subject to approval by any other officer, employee, board, or commission of his or her employing body, unless otherwise approved in the manner prescribed by subdivision (b).

"(b) Each appointing power may determine, subject to approval of the local agency, and consistent with the provisions of Section 1128 where applicable, those outside activities which, for employees under its jurisdiction, are inconsistent with, incompatible to, or in conflict with their duties as local agency officers or employees. An employee's outside employment, activity, or enterprise may be prohibited if it: (1) involves the use for private gain or advantage of his or her local agency time, facilities, equipment and supplies; or the badge, uniform, prestige, or influence of his or her local agency office or employment or, (2) involves receipt or acceptance by the officer or employee of any money or other consideration from anyone other than his or her local agency for the performance of an act which the officer or employee, if not performing such act, would be required or expected to render in the regular course or hours of his or her local agency employment or as a part of his or her duties

---

[1]Government Code section 37103 provides:

"The legislative body may contract with any specially trained and experienced person, firm, or corporation for special services and advice in financial, economic, accounting, engineering, legal or administrative matters. . . ." (Emphasis added.)

[2]See Government Code sections 36505, 41801-41805. A city attorney holds a public office as distinguished from a mere public employment. (See People ex rel. Clancy v. Superior Court (1985) 39 Cal.3d 740, 747; 66 Ops.Cal.Atty.Gen. 382, 383, n. 3 (1983).)

as a local agency officer or employee or, (3) involves the performance of an act in other than his or her capacity as a local agency officer or employee which act may later be subject directly or indirectly to the control, inspection, review, audit, or enforcement of any other officer or employee or the agency by which he or she is employed, or (4) involves such time demands as would render performance of his or her duties as a local agency officer or employee less efficient.

"The local agency may adopt rules governing the application of this section. Such rules shall include provision for notice to employees of the determination of prohibited activities, of disciplinary action to be taken against employees for engaging in prohibited activities, and for appeal by employees from such a determination and from its application to an employee."

The language of this section which refers to "officer or employee" could be literally construed so as to exclude from its ambit private legal counsel retained by a county on a contract basis. (Cf. Handler v. Board of Supervisors (1952) 39 Cal.2d 282, 286-287; 61 Ops.Cal.Atty.Gen. 18, 22 (1978); cf. generally Montgomery v. Superior Court (1975) 46 Cal.App.3d 657, 671; 28 Ops.Cal.Atty.Gen. 362, 364 (1956); and see 70 Ops.Cal.Atty.Gen. 92, 95 (1987).)[3]

It has been held, on the other hand, that Government Code section 1090, providing that city officers shall not be interested in any contract made by them in their official capacity, applies to a special city attorney retained under contract. Such an attorney is an "officer and agent" of the city. (Schaefer v. Berinstein (1956) 140 Cal.App.2d 278, 291; Terry v. Bender (1956) 143 Cal.App.2d 198, 206-207.)

Based upon these cases we applied the same rationale, in 46 Ops.Cal.Atty.Gen. 74, 78-79 (1965), to a financial consultant retained by a special district pursuant to contract:

"It must now be determined whether a financial consultant who is temporarily retained by a special district is an 'employee' of the district, as that term is used in section 1090, or whether he is an independent contractor who is not an 'employee.' In other contexts, persons performing specialized services on a temporary basis have been held to be neither officers nor employees of the governmental body. Handler

---

[3]But compare People ex rel. Clancy v. Superior Court, supra, 39 Cal.3d at 747:

"It is true that the retainer agreement between the City and Clancy provides that Clancy is to be 'an independent contractor and not an officer or employee of City.' However, a lawyer cannot escape the heightened ethical requirements of one who performs governmental functions merely by declaring he is not a public official. The responsibility follows the job: if Clancy is performing tasks on behalf of and in the name of the government to which greater standards of neutrality apply, he must adhere to those standards."

v. <u>Board of Supervisors</u>, 39 Cal.2d 282, 286 (1952) [engineer and special attorney may be retained by resolution rather than ordinance]; <u>Kennedy</u> v. <u>Ross</u>, 28 Cal.2d 569, 572 (1946) [temporary architect not city employee for purposes of civil service law]. However, a statute similar to section 1090 was held by the Florida Supreme Court to apply to a contract between a city commission and a firm of financial advisers. <u>City of Miami</u> v. <u>Benson</u>, 63 So.2d 916, 921 (Fla. 1953).

"Prior to the amendment of section 1090 giving it application to 'employees,' the District Court of Appeal decided a series of cases involving an attorney at law who was retained by the City of Compton for the special purpose of clearing title to tax-deeded and special assessment delinquent land in the city. In the first of these cases, <u>Schaefer</u> v. <u>Berinstein</u>, 140 Cal.App.2d 278 (1956), the court applied the policy, if not the letter, of section 1090 in sustaining a pleading involving the special attorney. Without first discussing the issue of his status, the court stated:

"'Statutes prohibiting personal interests of public officers in public contracts are strictly enforced. . . . <u>A person merely in an advisory position to the city is affected by the conflicts of interest rule</u>. . . . He was an officer and agent of the city and as such was <u>in a position to advise the city council</u> as to what action should be taken. . . . The contracts to purchase from the city and the ultimate sales were contrary to public policy and are void.' 140 Cal.App.2d at 291-292. (Emphasis added.)

"The court reiterated the above rules in again applying the policy of section 1090 to sustain a second complaint against the same attorney in <u>Terry</u> v. <u>Bender</u>, 143 Cal.App.2d 198, 206-207, 211 (1956). The City of Compton had a charter provision which was very similar to the present version of section 1090 and which applied to employees. <u>Terry</u> v. <u>Bender</u>, 143 Cal.App.2d 198 at 204 [footnote] (1956). The court referred to this provision in <u>Schaefer</u> v. <u>Berinstein</u>, 140 Cal.App.2d 278 (1946):

"'It is the general policy of the state that public officers shall not be interest in any contract made in their official capacity in which they have a personal or financial interest. . . . That policy affords aid in construing charter provisions on the same subject.' 140 Cal.App.2d at 289.

"'It is sufficient to say that even if the city of Compton had not adopted a provision relating to "conflicts of interests," Bender's conduct would be prohibited by section 1090 of the Government Code.' 140 Cal.App.2d at 291.

"It seems clear that the Legislature in later amending section 1090 to include 'employees' intended to apply the policy of the conflicts of interest law, as set out in the <u>Schaefer</u> and <u>Terry</u> cases, to independent contractors who perform a public function and to require of those who serve the public temporarily the same fealty expected from permanent officers and employees. It is a fundamental rule for the

interpretation of a statute that it is presumed to have been enacted or amended in the light of such existing judicial decisions as have a direct bearing upon it. Sutter Hospital v. City of Sacramento, 39 Cal.2d 33, 38 (1952); Whitley v. Superior Court, 18 Cal.2d 75, 78 (1941); Estate of Moffitt, 153 Cal. 359, 361 (1908), aff'd, 218 U.S. 404 (1910). Except where the statutory language is clear and explicit, courts construe statutes with a view to promoting rather than to defeating their general purpose and their underlying policy. People v. Centr-O-Mart, 34 Cal.2d 702, 704 (1950); Department of Motor Vehicles v. Industrial Acc. Com., 14 Cal.2d 189, 195 (1939).

"Conflict of interest statutes are strictly enforced, Schaefer v. Berinstein, 140 Cal.App.2d 278, 291 (1956), and should, therefore, be liberally construed. We conclude that a financial consultant who is employed by a public agency on a temporary basis is an 'employee' under section 1090."

Finally, in 61 Ops.Cal.Atty.Gen., supra, 22-23 we concluded that the same reasoning applied to Government Code section 1126, thus rendering that statute applicable to special counsel employed by a county on a contractual basis. Under subdivision (a) of that section, a local agency officer or employee may not engage in any employment, activity or enterprise for compensation which is "inconsistent, incompatible, in conflict with, or inimical to" his public duties. Subdivision (b) provides that the appointing power of the local agency's officers and employees, subject to the approval of the local agency, must determine which outside activities fall within the prohibition. (Mazzola v. City and County of San Francisco (1980) 112 Cal.App.3d 141, 153-154; 69 Ops.Cal.Atty.Gen. 119, 120 (1986); 68 Ops.Cal.Atty.Gen. 175, 183 (1985).) In the absence of a determination by the appointing power that the representation of an indigent accused of crime constitutes a prohibited activity, however, Government Code section 1126 would not apply.

We next consider a different and independent line of cases. In People v. Rhodes (1974) 12 Cal.3d 180, an indigent criminal defendant was represented under court appointment by the part-time City Attorney of Hanford. Reversing his conviction, the court declared as a judicially declared rule of criminal procedure, "a city attorney with prosecutorial responsibilities may not defend or assist in the defense of persons accused of crime." (Id. at 187, emphasis added.) In Sparks v. Superior Court (1975) 45 Cal.App.3d 533, Rhodes was interpreted as applying to retained as well as court-appointed counsel. (Id. at 536.) In Montgomery v. Superior Court, supra, 46 Cal.App.3d at 674, involving the law partners of a city attorney, the court concluded that "the city attorney of a city which has validly divested him of prosecutorial responsibilities, or his professional associates in the practice of law, may defend or assist in the defense of any criminal action (1) in which personnel of the employing city are not involved in any significant respect and (2) in which the defendant has knowingly and intelligently waived any irregularity which might be perceived by reason of the Rhodes proscription . . . subject to appropriate exercise of the trial court's discretion in a particular case." (Emphasis added; cf. generally People v. Pendleton (1979) 25 Cal.3d 371, 379.)

Montgomery was decided on March 31, 1975. On September 6, 1975, the Legislature

enacted Government Code section 41805 (Stats. 1975, ch. 556):

"(a) No city attorney who does not, in fact, exercise prosecutorial responsibilities on behalf of the city or cities by which he is employed shall be precluded from defending or assisting in the defense of, or acting as counsel for, any person accused of any crime except for violation of any ordinance of the city or cities by which he is employed, provided that:

"(1) The city or cities by which he is employed expressly relieve him of any and all prosecutorial responsibilities on its or their behalf; and

"(2) The accused has been informed of and expressly waives any rights created as a result of any potential conflict created by his attorney's position as a city attorney.

"(b) Where the above provisions are met, no partner or associate of a city attorney shall be prevented from defending or assisting in the defense of, or acting as counsel for, any person accused of any crime except for violations of any ordinance of the city or cities by which his partner or associate is employed as a city attorney.

"This section shall not preclude any city from limiting or prohibiting the private practice of any attorney it retains or employs."

By the terms of this superseding enactment, a city attorney may represent any person accused of crime provided that (1) the attorney does not, in fact, exercise prosecutorial responsibilities on behalf of the city, (2) the city expressly relieves the attorney of any and all prosecutorial responsibilities on its behalf, (3) the representation does not involve an ordinance of the city, (4) the accused waives any rights arising out of any potential conflict resulting from the attorney's position with the city, and (5) the city has not otherwise limited or prohibited the attorney from engaging in such representation.

The present inquiry concerns an attorney performing legal services for a city as an independent contractor. In our view, Government Code section 41805 is not constrained by any technical definition of the term "city attorney," whether the position is full or part time, whether the relationship between the person exercising such powers and the city is formal or informal, or whether the relationship is based on appointment or contract. Indeed, such distinctions are not always clear. As noted in <u>Montgomery</u> v. <u>Superior Court</u>, <u>supra</u>, 46 Cal.App.3d at 670-671:

"The result is a practical one, moreover, because it acknowledges the realities attending the position of a city attorney in the cities of California, particularly the smaller ones. The Attorney General, having examined these realities with respect to a particular subject, described them as follows: 'In a number of the smaller cities of the state the relationship between the person appointed as city attorney and the city is of a very informal nature. An attorney is appointed at a modest retainer to

render certain limited services, often he has no office in the city hall and he handles the affairs of the city as he does the affairs of other clients. There is often an agreement between the city and the attorney as to just what services the city attorney is to perform and in many cases both the attorney and the city officials are prone to look upon the attorney as an independent contractor rather than as a member of the city government.' (28 Ops.Cal.Atty.Gen. 362, 364.)"

We perceive no rational basis for the assumption that a person providing services as a city attorney pursuant to contract should be subject to any greater or lesser restraint than may be applicable to an appointed city attorney. The policy which favors the availability of such attorneys for court appointment in criminal proceedings is the same in either case. This policy was recognized in Montgomery as follows (id. at 672-673):

"Among the 412 cities of California, only 64 employ full-time city attorneys under arrangements which prohibit them from engaging in any outside practice. Eleven (11) of them permit their city attorneys to engage in limited outside practice. Each of the remaining 337 cities employs a city attorney on a part-time basis and permits him to engage in outside practice without limitation. Our sources also indicate that many city attorneys in the part-time category have resigned their positions, or intend to do so, because of the Rhodes proscription disqualifying them from criminal practice. In some of the counties with the lowest populations in the state, part-time city attorneys are among the very few practitioners who are locally available to serve as court-appointed counsel in criminal cases. The continuing availability of competent attorneys to the cities and to the administration of criminal justice, in these counties and elsewhere, is a 'compelling public policy consideration' (People v. Rhodes, supra, 12 Cal.3d 180 at p. 185) to be weighed in applying the Rhodes rule to the facts presented here." (Emphasis added; fns. omitted.)

Further, the basis for imposing conditions upon such activity by an attorney who represents a city is not unique to those who serve by formal appointment. The practical considerations respecting the exercise of prosecutorial responsibility are summarized in Montgomery (id. at 671):

"The Rhodes court formulated the proscription upon the bases of (1) the practical conflict between the absolute duty owed by a defense attorney to his client and the rapport which a city attorney-prosecutor must reasonably maintain with his law enforcement associates in the employ of his city and 'neighboring law enforcement agencies' (People v. Rhodes, supra, 12 Cal.3d 180 at p. 184); (2) the corollary threat to the integrity of the criminal justice system at large (id., at pp. 184-185); and (3) the 'compelling public policy consideration' that the actual or apparent incompatibility, between the role of defense counsel and that of the city attorney-prosecutor, would undermine the vital element of public confidence in the system. (Id., at pp. 185-186.)"

Considerations respecting the interests of the accused and the right of that person to waive any irregularity which might arise by virtue of the attorney's dual status (id. at 673), are equally pertinent to those who serve under contract or appointment.

Finally, the last sentence of Government Code section 41805 suggests a broad interpretation: "This section shall not preclude any city from limiting or prohibiting the private practice of any attorney it retains or employs." (Emphasis added.) It is concluded that an attorney who contracts with a city to provide services as city attorney may lawfully contract with the county in which the city is located to provide a defense for a criminally accused indigent subject to the terms and conditions of Government Code section 41805.

* * * * *