[Crim. No. 9585.   In Bank.   May 2, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT LEE
McCARTHY, Defendant and Appellant.

J. Perry Langford, under appointment by the Supreme
Court, and Langford, Langford & Lane for Defendant and
Appellant.

Thomas C. Lynch, Attorney General, William E. James,
Assistant Attorney General, and Leslie F. Bell, Deputy Attor-
ney General, for Plaintiff and Respondent.

TOBRINER, J.—Defendant appeals from a judgment ren-
dered by the court without a jury convicting him of the posses-
sion of narcotics in violation of section 11500 of the Health
and Safety Code. The prosecution established defendant's
four prior felony convictions, including one narcotics viola-
tion.

This case raises the same issue as that posed in *People* v.
*Leal,* Crim. 9380, *ante,* p. 504 [50 Cal.Rptr. 777, 413 P.2d
665] decided this day, and is controlled by our decision in
that case.

On August 22, 1962, officers of the San Diego police
called at defendant's home to arrest him on suspicion of
grand theft. Upon their arrival at defendant's house, they

knocked at the front door; a young girl, who was engaged as a babysitter at the house, opened the door. The officers identified themselves and asked to see defendant. The girl stated that defendant was in the house and, according to the testimony of one of the officers, opened the screen door for them.

After the officers had entered, the girl proceeded down the hallway to a rear room, knocked on the door and announced that the officers wanted to speak to defendant. After an interval, the officers likewise knocked on the door and called for defendant. The door opened, and a woman emerged, attired in a bathrobe. She walked past the officers and continued up the hallway. One of the officers peered into the room and, observing defendant inside, placed him under arrest. The officers then conducted a search of the room in the course of which they discovered a narcotics injection outfit. Included in the outfit were two pieces of cotton, one of them wet. In response to questions from the police, defendant acknowledged ownership of the pieces of cotton. A forensic chemist later determined that the pieces bore traces of morphine residue.[1] The present conviction rests upon defendant's possession of these traces.

After defendant had been taken to jail, he was examined by a police physician who later testified that he had discovered a number of needle marks upon defendant's arms. The physician estimated that the marks were "from less than a day old to about two weeks old." He also testified that he had asked defendant whether he used narcotics and that defendant had replied that he had used heroin intravenously in 1955. The defendant also acknowledged to the physician that the marks upon his arms were made by a needle. The record does not indicate that defendant had been advised of his right to counsel and his right to remain silent at the time he spoke to the physician.

Defendant's conviction rested upon his possession of the minute chemical traces which the forensic chemist recovered from the pieces of cotton. In *People* v. *Leal, supra, ante,* p. 504, we held that if the prosecution proves no more than defendant's possession of traces of narcotics and fails to show that such residues were usable for consumption or sale, the case must be remitted to the trial court for the purpose of ascertaining whether or not the additional factual elements were present. The *Leal* decision is controlling here.

In view of our disposition of this case, we need not reach

---

[1] The record does not disclose the total quantity of narcotic present, but the chemist testified that one of the pieces yielded .96 milligrams of residue.

defendant's alternative contentions that the introduction of the testimony relating to his statements to the officers and the physician requires reversal under *People* v. *Dorado* (1965) 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], and that the evidence introduced against him was obtained in the course of an illegal search and seizure.

The judgment is reversed.

Traynor, C. J., Peters, J., Peek, J., Mosk, J., and Burke, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment for the reasons expressed by Mr. Presiding Justice Brown (Gerald) in the opinion prepared by him for the District Court of Appeal in *People* v. *McCarthy* (Cal.App.) 46 Cal.Rptr. 805.