[Crim. No. 3788. Fourth Dist., Div. One. Mar. 24, 1970.]

THE PEOPLE, Plaintiff and Respondent, .v.
K. HIRAM JOHNSON, Defendant and Appellant. .

## COUNSEL

Peter B. Clarke, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas Kallay, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**AULT, J.**—At about noon, on February 11, 1969, appellant, K. Hiram Johnson, and his friend, Susan Ackerman, entered the United States from Mexico at the San Ysidro border crossing station. After a preliminary examination, they were taken to the customs baggage room for a more complete inspection. Johnson was asked by United States Customs Inspector Reay to empty his pockets. He removed a number of items, including one dirty, scored pill, which later proved to contain amphetamine. Reay called the San Diego City police and asked if they wanted to talk to a person who had one pill in his pocket.

As a result of the foregoing, Johnson was arrested and eventually the District Attorney of San Diego County filed an information in superior court charging him with two felonies. In count I of the information, he was charged with possessing restricted dangerous drugs (Health & Saf. Code, § 11910), and in count II with transporting restricted dangerous drugs (Health & Saf. Code, § 11912). A jury convicted Johnson of both possessing and transporting the single pill. The trial judge sentenced him to state prison for each violation. He ordered the two prison sentences to run concurrently. Johnson appeals from the judgment of conviction.

■ While appellant has not raised the issue of multiple conviction and multiple punishment on appeal, it is our duty to point out both have improperly occurred. (*People* v. *Toliver,* 270 Cal.App.2d 492, 497 [75 Cal. Rptr. 819].) ■ Under the facts proved, appellant can neither be legally convicted of, nor lawfully punished for, both possessing and transporting the pill. The double punishment which has been imposed is clearly prohibited by Penal Code section 654 and the cases which have interpreted it. (See *In re Hayes,* 70 Cal.2d 604 [75 Cal.Rptr. 790, 451 P.2d 430]; *In re Johnson,* 65 Cal.2d 393, 394-395 [54 Cal.Rptr. 873, 420 P.2d 393]; *Neal* v. *State of California,* 55 Cal.2d 11, 18-21 [9 Cal.Rptr. 607, 357 P.2d 839].) ■ The error in assessing the double punishment is not cured by the fact the trial court permitted the two sentences to run concurrently. (*People* v. *Tenney,* 162 Cal.App.2d 458, 462-463 [328 P.2d 254].) ■ Moreover, the possession proved in the instant case was incidental to, and a necessary part of, the transportation charged. No prior, different or subsequent possession of the pill was shown. Under that circumstance the offense of possession was necessarily included in the offense of transporting the pill and appellant may not be convicted of both charges. (*People* v. *Krupa,* 64 Cal.App.2d 592, 596-597 [149 P.2d 416]; *People* v. *Mandell,* 90 Cal.App.2d 93, 98-99 [202 P.2d 348]; *People* v. *Cole,* 113 Cal.App.2d 253, 257 [248 P.2d 141]; *People* v. *Roberts,* 40 Cal.2d 483, 491 [254 P.2d 501].) We indicate the foregoing briefly because it is only of importance in the event appellant is retried. We have concluded the entire judgment must be reversed for other reasons.

To prove their case, the People called a police chemist who testified he had analyzed the pill and found it to contain amphetamine. He further stated, " . . . the form of the tablet would indicate to me that it would be a useful amount." ■ An opinion is no better than the reason given to support it. On cross-examination he testified he performed a qualitative and not a quantitative analysis, did not know how much amphetamine was in the tablet, did not know if there was enough amphetamine in the pill to have a "narcotic effect,"[1] and admitted he had no way of knowing if the pill would produce an effect. He again stated: " . . . I state it is a useful amount because of the form it has, in a recognized manufactured form, which to me indicates it is in a condition that can be used." He did not identify the pill as the product of any particular commercial drug manufacturer or as being of a kind commercially known to contain any particular quantity of amphetamine.

---

[1]Amphetamine is classified as a restricted dangerous drug (Health & Saf. Code, § 11901) and not as a narcotic. It may not accurately be described as having a "narcotic" effect. This seems to have been overlooked by the expert as it has been by the parties on appeal.

In *People* v. *Leal,* 64 Cal.2d 504 [50 Cal.Rptr. 777, 413 P.2d 665], the defendant had been convicted of possession of heroin based upon the discovery of a minute crystalline residue of the narcotic in his home. In reversing the conviction, the Supreme Court reviewed in detail the California cases which had dealt with the question of the quantity of a narcotic necessary to sustain a conviction. It rejected a line of California decisions which had held that proof of possession of "any" amount of a narcotic substance was sufficient. At page 512 the court stated: "We conclude that the statutory differentiation of the various crimes as well as the history of the cases culminating in *Sullivan* show that in penalizing a person who possessed a narcotic the Legislature proscribed possession of a substance that has a narcotic potential; it condemned the commodity that could be used as such. It did not refer to *useless* traces or residue of such substance." ■ In effect the decision stands for the proposition conviction may not be predicated upon possession of a narcotic so limited in quantity or so altered in form as to be useless for narcotic purposes. While the decision in *Leal* dealt only with narcotic substances, we have no doubt its rationale is equally applicable to restricted dangerous drugs.

■ At the outset of his instructions the trial judge, in the instant case, stated to the jury: "I also want to tell you that the statute on possession of these dangerous drugs does not specify any particular amount that has to be possessed, it just says possession. A small amount is possession just as much as a large amount, if the law is violated in other ways." This was an inaccurate and incomplete statement of the law. (*People* v. *Leal, supra,* 64 Cal.2d 504, 512; *People* v. *McCarthy,* 64 Cal.2d 513, 514 [50 Cal.Rptr. 783, 413 P.2d 671]; *People* v. *Perez,* 267 Cal.App.2d 275, 284 [72 Cal.Rptr. 746].)

■ In its formal instructions to the jury, the court evidently used CALJIC instruction 701 (defining possession) and 701-A (defining transportation) as revised in 1967 to meet the rule established in *People* v. *Leal, supra,* 64 Cal.2d 504, 512 and *People* v. *McCarthy, supra,* 64 Cal.2d 513, 514. However, the qualifying phrase "in an amount sufficient to be used as a narcotic" (present in each of the revised instructions—and the very crux of the holding in *Leal*), was deleted in each instance from the instructions given the jury. (See CALJIC, (1967) Supp. Nos. 701 and 701-A, pp. 159-160.)[2] As given the instructions were erroneous.

■ Appellant, with the aid of counsel appointed to advise him, repre-

[2]If adapted to fit the facts of this case, the first sentence of CALJIC No. 701 would read: "Every person who possesses any restricted dangerous drug such as amphetamine, in an amount sufficient to be used as a dangerous drug, is guilty of a crime."

sented himself at the trial. At the conclusion of the instructions, he submitted the following two handwritten instructions to the court:

"1. You are instructed that although the law does not require any particular quantity of the dangerous drug to be possessed or transported, you must find that the defendant possessed and/or transported a *usable* quantity of that drug.

"2. Usable quantity of a dangerous drug is that quantity that is capable of being consumed and have [sic] a narcotic effect."

The proposed instructions were rejected by the trial judge.

The Attorney General contends the proposed instructions were properly refused. He concedes the first instruction is a correct statement of the law, but maintains the second is inaccurate because the word "effect" is used in lieu of "potential," the word employed in *Leal*. Assuming the second proposed instruction to be inaccurate, that fact would not excuse the failure to give the first instruction which properly states the law. Moreover, we are not convinced the use of the word "effect" instead of the word "potential" makes the second proposed instruction inaccurate. The argument to the contrary involved a subtlety in semantics we do not feel obliged to pursue under the circumstances. If any error appears in the instruction, we think, as already indicated, it lies in the use of the word "narcotic" as descriptive of the effect of a dangerous drug. The proposed instructions certainly called attention to the fact appellant contended the jury should be instructed on the issue of "usable quantity," a matter which had not been correctly covered in the court's previous instructions.

The final question to be answered is whether the indicated errors were prejudicial and require a reversal of the judgment. We believe they were. The uncontradicted evidence establishes the pill contained amphetamine, but it does not establish, as a matter of law, it contained a sufficient quantity of the drug to come within statutory prohibitions. The expert called by the People gave his opinion the pill contained a usable amount of amphetamine, but he admitted his opinion was based solely on the pill's form. He also admitted he did not know if there was enough amphetamine in the pill to have a "narcotic" effect and he had no way of knowing if the pill would produce an effect. At the very least, the reasonable inferences to be drawn from this testimony created a conflict as to whether the pill contained amphetamine in an amount sufficient to be usable as a dangerous drug. This factual question required jury determination under full, fair and accurate instructions as to the law. (*People* v. *Leal, supra,* 64 Cal.2d 504, 512.) Because of the errors committed in connection with

the instructions, the crucial question of fact was completely removed from jury determination.

In *People* v. *Perez, supra,* 267 Cal.App.2d 275, 284, instructions similar to those given here were held erroneous, but not prejudicial under the evidence. The uncontradicted evidence in *Perez* established the heroin in the spoon found in the residence occupied by the defendant was substantial enough for a "fix," and the two "papers" of heroin, admittedly swallowed by the defendant at the commencement of the raid, contained enough heroin for two dosages. In spite of respondent's contention this case and *Perez* are "on all fours," we believe the two cases are readily distinguishable on the facts.

In view of our holding, it is not necessary to discuss appellant's other contentions of error which we find to be without merit.

The judgment is reversed.

Brown (Gerald), P. J., and Coughlin, J., concurred.