[Crim. No. 4460. Fourth Dist., Div. One. Sept. 17, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL HAROLD POHLE, Defendant and Appellant.

## COUNSEL

Patricia M. Doyle, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Mark L. Christiansen, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**WHELAN, Acting P. J.**—Michael Harold Pohle (defendant) appeals from a judgment imposing a misdemeanor sentence for possession of marijuana of which he had been found guilty in a non-jury trial.

A motion to dismiss under Penal Code section 1118.1, made at the conclusion of the People's case in chief, had been denied.

The ground of the motion was that the evidence did not show possession of marijuana in a usable quantity.

Defendant defines the question raised on appeal as follows: "Was there sufficient evidence from which it could be reasonably inferred that the substance identified as marijuana had a narcotic potential; that is, was there a usable (or sufficient) amount of narcotic in this substance to produce a narcotic effect?"

The marijuana possessed by defendant weighed approximately 20.4

grams, a usable quantity in the opinion of an expert, who said the average marijuana cigarette contains approximately .3 of a gram of marijuana.[1]

Section 11530 of the Health and Safety Code declares that "Every person who possesses any marijuana, except as otherwise provided by law, shall be punished" in the manner defined.

Health and Safety Code section 11003 defines Cannabis sativa as follows: " 'Cannabis sativa,' as used in this division, means the male or female of any species commonly known as cannabis sativa, hemp, Indian hemp, or marihuana."

Section 11003.1 of the same code defines marijuana as follows: " 'Marijuana' as used in this division means all parts of the plant Cannabis sativa L. (commonly known as marijuana), whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin."

The burden of defendant's argument is that evidence sufficient to convict must show a usable amount of the chemical components of marijuana known as tetrahydrocannabinol and cannabidiol, which the testimony showed produce a narcotic effect. Those components as well as cannabidiolic acid and cannabinol are derived from the resin found in the stems, leaves, and seed pods of the plant. No resin is found in the seeds themselves. More of the resin is secreted by the female plant than by the male, and the amount of resin secreted by the plant varies with the age of the plant and the climatic conditions under which it is grown.

In support of his argument, defendant relies upon *People* v. *Leal,* 64 Cal.2d 504 [50 Cal.Rptr. 777, 413 P.2d 665], which held that in penalizing a person who possesses a narcotic, the Legislature proscribed possession of a substance that has a narcotic potential; it condemned the commodity that could be used as such; it did not refer to useless traces or residue of such substance. Hence the possession of a minute crystalline residue of a narcotic useless for either sale or consumption does not constitute sufficient evidence in itself to sustain a conviction. The prosecution proved no more than defendant's possession of traces of narcotics and did not show that such residue was usable for sale or consumption.

In *Leal* the defendant had been convicted of possession of a narcotic

---

[1]Defendant's evidence was that the material in defendant's possession was made up of about 8/11 parts of marijuana and 3/11 parts of a foreign vegetable substance; the marijuana was made up partly of seeds; about 4/11 of the total was marijuana that would produce resin; there was in gross at least enough of such marijuana to make one cigarette.

other than marijuana, to wit, heroin, in violation of section 11500 of Health and Safety Code.

In *People* v. *Johnson*, 5 Cal.App.3d 844 [85 Cal.Rptr. 238], this court held the jury should have been instructed that they could not convict unless they should find a single pill contained a usable amount of amphetamine. Again what was proscribed was a drug capable of isolation from its inert carrier.

The inclusive definition of narcotics is found in Health and Safety Code section 11001. It includes diacetylmorphine or heroin. It includes also "[m]arijuana (Cannabis sativa), its derivatives or compounds."

The requirement that a chemical compound such as heroin be shown to be present in a usable quantity cannot be transferred to require that marijuana in an amount usable for the making and smoking of a number of cigarettes be shown to possess chemical components in a quantity sufficient to produce the effect of a narcotic.

The requirements of the statute are met by the possession of seeds, which contain no resin. The crushing and smoking of them presumably would not have a narcotic effect. The seeds, however, are usable for the purpose of growing marijuana, unless they have been rendered useless for that purpose.

In *People* v. *Fein*, 4 Cal.3d 747 [94 Cal.Rptr. 607, 484 P.2d 583], the observation of two burned marijuana seeds was held not to afford probable cause to believe persons in the room where the burned seeds were found were in possession of marijuana, either because the seeds in their burned condition were not usable, or were not in sufficient quantity to be usable, or to impart knowledge of their presence and nature to the persons in the room.

There must, of course, be a usable quantity of marijuana.

Within the definitions of Health and Safety Code sections 11003 and 11003.1, the possession of the resin alone, extracted from any part of the plant, may be prosecuted under Health and Safety Code section 11530; the possession of the seeds alone, which contain no resin, may be prosecuted; possession of any part of the plant itself, whether it be of a male or female plant, which differ as to their resin content potential, may be prosecuted.

If such prosecution be based upon possession of the resin alone, there would have to be a quantity sufficient for the use to which such resin may be put; if based upon possession of seeds, the seeds must be in a quantity and, presumably, condition for use in planting; if based upon possession

of other parts of the plant, such as leaves and stems, the marijuana must be in quantity sufficient to use in smoking.

In *People* v. *Cressey,* 2 Cal.3d 836, 841 [87 Cal.Rptr. 699, 471 P.2d 19], the defendant's prosecution was based upon the possession of approximately 8½ grams of marijuana, including some seeds. In a footnote the court adverted to the *Leal* rule: "As to the usable quantity of marijuana discovered in the apartment, see *People* v. *Leal* (1966) 64 Cal.2d 504. . . ." The author of the opinion was the author of the *Leal* opinion. The court upheld the conviction.

Evidence is necessary to establish the chemical or physical composition of the contraband as marijuana within the definitions of the code. Beyond that, there is no requirement that evidence be produced as to the quantity of a specific ingredient within the contraband.

The language of the code sections does not admit of the argument that a conviction could be based upon a certain quantity of marijuana from female plants, but not upon a like quantity from male plants; upon a certain quantity grown in Southern Mexico or Asia Minor but not upon a like quantity grown in Southern California.

Such a theory could logically be extended to permit evidence that while contraband contained an amount of narcotic sufficient to produce its effect upon one person, its content was not great enough to produce such effect upon a defendant with higher tolerance to the drug in question.

The broadly inclusive definitions of the code sections do not, in the case of marijuana, impose a chemically quantitative standard that in fact could never be met by certain parts of the plant the possession of which is forbidden. The imposition of such a requirement if it be necessary is a matter appropriate for legislative action.

The judgment is affirmed.

Ault, J., and Coughlin, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.