Filed 7/11/13  P. v. Wiley CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C068661 |
| Plaintiff and Respondent, | (Super. Ct. No. CH028162) |
| v. | |
| PATRICK WILEY, | |
| Defendant and Appellant. | |

A jury convicted defendant Patrick Wiley of possession of a sharp instrument by a prison inmate (Pen. Code, § 4502, subd. (a)[1] (undesignated statutory references are to the Penal Code) and, in a trial by court, he was found to have a prior strike conviction for murder (§ 187).  He was sentenced to a consecutive term of six years (midterm of three years doubled because of the strike) in state prison.

---

[1]     Penal Code section 4502, subdivision (a) provides in relevant part:  "Any person who, while at or confined in any penal institution, . . . possesses or carries upon his or her person or has under his or her custody or control any . . . sharp instrument . . . is guilty of a felony . . . ."

1

On appeal, defendant contends the evidence is insufficient to support the conviction and the conviction may not be reduced to an attempt. We agree the evidence does not support the conviction, but disagree with him that we may not reduce the offense to an attempt.

FACTS

Craig Franklin, a correctional officer at High Desert State Prison, testified that defendant was an inmate of the prison in an administrative segregation section. When an inmate has been placed in that section, their personal property is removed from their possession and placed in individual plastic bags that are then placed in boxes that are securely taped. The boxes are placed in a storage area. Inmates may make out a prison form, called a "wish list," specifying items of their personal property they would like to have returned to them. If the requested property is "allowable" it may be returned to the inmate.

On June 22, 2010, defendant filled out a wish list requesting, among other things, two bars of soap. On July 30, 2010, Officer Franklin removed defendant's wish list from defendant's property bag, handed the list to defendant and had him verify that it was his, which defendant did. Franklin returned to where he had left defendant's property bag and began going through it to determine if the items requested were allowable. He discovered that two bars of soap had been split in length. Inside one bar was rust and inside the other was a three-inch piece of metal with a sharp point (sharp instrument). Franklin asked defendant if he "used to play with" the soap, and defendant responded, "Yes." Franklin turned the bars of soap over to Officer James McCloughlan, who investigates prison crimes.

On July 30, 2010, Officer McCloughlan confronted defendant regarding the sharp instrument within the soap. Defendant admitted making the sharp piece of metal and placing it in the bar of soap. On August 23, 2010, at a prison disciplinary hearing, defendant again admitted the piece of metal was his.

2

DISCUSSION

I

Defendant contends the evidence was insufficient to support the conviction because it failed to prove that on July 30 he had any control of the sharp instrument found in his property bag. The People respond, as they did in the trial court, that defendant constructively possessed the sharp metal piece on July 30, 2010, because it was in his property bag and he had a right to control that property. We agree with defendant.[2]

"In reviewing a criminal conviction challenged as lacking evidentiary support, ' "the court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence -- that is, evidence which is reasonable, credible, and of solid value -- such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." ' [Citation.]" (*People v. Maury* (2003) 30 Cal.4th 342, 396.)

"Under California law, a defendant may be deemed to have constructive possession of contraband that is in the possession of another person . . . only when the person actually possessing the contraband does so 'pursuant to [the defendant's] direction or permission,' and the defendant 'retains the right to exercise dominion or control over the property.' [Citations.]" (*In re Rothwell* (2008) 164 Cal.App.4th 160, 169, quoting *People v. Showers* (1968) 68 Cal.2d 639, 644.)

In support of the People's theory that defendant constructively possessed the sharp instrument on July 30, the People make the following argument: "Here, [defendant] had some control over the items in his property box. [Defendant] was able to request items and have them issued to him. In this sense, [defendant] demonstrated some control over

_____

[2]     We note that although section 4502, subdivision (a) prohibits possession or custody or control of a sharp instrument, the information specifically alleged that defendant "did unlawfully . . . possess" a sharp instrument, and the jury was so instructed.

3

the items.  Sharing control with the correctional authorities does not negate [defendant's] constructive possession over the items because exclusive control is not necessary.  Both [defendant] and the correctional authorities shared control over the property box containing [defendant's] property and the sharp instrument.  Because [defendant] maintained some right of control over the sharp instrument, the jury could reasonably infer that he constructively possessed the contraband.  In conclusion, the jury's findings and conviction should be upheld because there was ample evidence that [defendant] maintained some control over the sharp instrument."

The argument is based on the false premise that defendant's "wish list" was an exercise of "some control" over the sharp instrument.  The record clearly establishes that defendant had no control over whether he actually obtained possession of the contraband.  Although he submitted the wish list requesting the soap, the correctional officers exercised control over the contraband by refusing to provide it to him after determining it was not allowable.  It is also not dispositive that defendant may have had *prior* control or possession of the sharp instrument at some point in time, because the information charged possession on or about July 30, 2010, the day Officer Franklin declined to return the contraband to him.  On this record, defendant did not possess the sharp instrument on or about July 30, 2010.

## II

Defendant contends that this court may not reduce his conviction for possession of a sharp instrument to an attempt to commit that offense because he was neither charged with attempt nor is attempt a lesser included offense in the charged crime.  Attempt to possess a sharp instrument is not a lesser included offense of possession of a sharp

4

instrument, defendant argues, because attempt (§ 21a)[3] is a specific intent offense whereas possession of a sharp instrument is a general intent offense. (*People v. Strunk* (1995) 31 Cal.App.4th 265, 271-272.) Thus, attempt has an element which is not present in the charged offense.

We agree with defendant that attempt was neither charged nor is it an offense included within the crime of possession by an inmate of a sharp instrument. However, we disagree with him that we may not reduce the conviction to attempt.

"A defendant may be convicted of an uncharged crime if, but only if, the uncharged crime is necessarily included in the charged crime. [Citations.]" (*People v. Reed* (2006) 38 Cal.4th 1224, 1227.) In *People v. Bailey* (2012) 54 Cal.4th 740, which was decided after the filing of the briefs in the present case, the California Supreme Court held that attempt to escape is not a lesser included offense of escape because "attempt to escape contains a specific intent element not present in escape . . . ." (*Id.* at pp. 744, 749.) The court then considered whether it was appropriate to reduce the offense to an attempt to escape. (*Id.* at pp. 753-754.) Analogizing the issue to a trial court's failure to instruct the jury on an element of the crime, an error which is judged by the harmless-beyond-a-reasonable-doubt standard, the court concluded it could not make the reduction because the defendant had presented evidence from which the jury could have found he lacked the specific intent to escape. (*Ibid*.)

By parity of the reasoning with that of *Bailey* and *Strunk*, we conclude that attempted possession of a sharp instrument is not a lesser included offense of possession of a sharp instrument because the former required a specific intent which is not an element of the latter.

---

**3** Section 21a defines the crime of attempt: "An attempt to commit a crime consists of two elements: a specific intent to commit the crime, and a direct but ineffectual act done toward its commission."

However, in accord with the reasoning in *Bailey*, only the lack of charging the element of specific intent to possess the sharp instrument differentiates attempt from the completed crime of possession. Here, as to the element of specific intent to possess the sharp instrument, defendant admitted to investigating Officer McCloughlan and to the disciplinary hearing officer that he made the sharp instrument and hid it in the soap. There can be no doubt that defendant intended to possess the sharp instrument because he placed the soap on his wish list. Consequently, we can confidently say beyond any reasonable doubt that had the jury been instructed on the missing element of specific intent, they would have found that element to exist. Therefore, it is appropriate to reduce the offense to an attempt.

## DISPOSITION

Defendant's conviction for possession of a sharp instrument in violation of section 4502, subdivision (a) is reduced to an attempt to commit that offense. Pursuant to section 664, subdivision (a), defendant's sentence is reduced to three years (half the three-year term imposed, doubled because of the strike). The superior court is directed to prepare an amended abstract of judgment reflecting this modification and forward a copy to the Secretary of the Department of Corrections and Rehabilitation.


NICHOLSON , Acting P. J.



We concur:



BUTZ , J.



MAURO , J.

6