Filed 5/21/15  P. v. Neiderbrach CA3
Received for positng 7/7/15

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C075224 |
| Plaintiff and Respondent, | (Super. Ct. No. MF035159A) |
| v. | |
| JOHN THOMAS NEIDERBRACH, | |
| Defendant and Appellant. | |

A jury found defendant John Thomas Neiderbrach guilty of possession of methamphetamine for sale (Health & Saf. Code, § 11378)[1] and transportation of methamphetamine (former § 11379). The trial court sentenced him to three years in county jail followed by one year of mandatory supervision.

---

[1] Further undesignated statutory references are to the Health and Safety Code.

1

Defendant appeals, claiming that recent amendments to section 11379 render his conviction for possessing methamphetamine for sale a lesser included offense of his transportation conviction. Disagreeing, we affirm.

**BACKGROUND**

*Facts of Defendant's Conviction*

On August 17, 2012, Manteca Police Sergeant Chris Mraz was working narcotics enforcement. As she drove, she saw defendant, with whom she was "very familiar," coming toward her from the opposite direction on a bicycle. She called out, "John, come here. I want to talk to you." Defendant rode past her truck and made a U-turn. As Mraz watched him in her mirror, he reached down into his pocket, removed a baggie, dropped the baggie onto the street, and then rode up alongside her truck. The discarded baggie was later determined to contain 3.55 grams of methamphetamine. Defendant denied knowing anything about the drugs.

At trial, the People's drug expert testified to finding indicia of packaging for sale in defendant's residence. The amount of methamphetamine found, 3.5 grams--commonly referred to as an "eight ball" and typically containing at least 35 doses--was also significant because it is a popular weight to sell. Defendant's cell phone contained several text exchanges which the expert believed to concern methamphetamine dealing. Based on the totality of the circumstances, the expert testified defendant possessed the methamphetamine for sale.

*Section 11379*

At the time of defendant's conviction, section 11379, subdivision (a) provided that any person who "transports" specified controlled substances including methamphetamine shall be punished by imprisonment. (§ 11379; Stats. 2011, ch. 15, § 174.) The courts had interpreted the word "transports" to include transporting controlled substances for personal use. (*People v. Rogers* (1971) 5 Cal.3d 129, 134-135 (*Rogers*)*; People v. Eastman* (1993) 13 Cal.App.4th 668, 673-677.) Effective January 1, 2014 (after

2

defendant's conviction and sentencing) the Legislature amended section 11379 to define "transports" as to transport for sale.  (§ 11379, subd. (c); Stats. 2013, ch. 504, § 2.)

## DISCUSSION

Preliminarily, defendant contends that under the principles set forth in *In re Estrada* (1965) 63 Cal.2d 740, section 11379 as amended should apply retroactively to his conviction.  The People agree, and so do we.  (See *Estrada* at pp. 745-748 [an amended statute imposing a lighter penalty should apply to every case to which it constitutionally could apply absent a "savings clause" providing for prospective application].)

Interwoven with his argument for retroactivity, defendant contends the application of section 11379 as amended renders his conviction for possession of methamphetamine for sale (§ 11378) a lesser included offense of the transportation charge (§ 11379).  On this point, the People disagree, as do we.  Although defendant urges us to hold otherwise, our Supreme Court has resolved this issue in a manner contrary to defendant's argument, and we are bound by the decisions of our Supreme Court.  (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

"We have applied two tests in determining whether an uncharged offense is necessarily included within a charged offense:  the 'elements' test and the 'accusatory pleading' test.  Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former.  Under the accusatory pleading test, if the facts actually alleged in the accusatory pleading include all of the elements of the lesser offense, the latter is necessarily included in the former."  (*People v. Reed* (2006) 38 Cal.4th 1224, 1227-1228 (*Reed*).)  Here, defendant urges us to apply the accusatory pleadings test to his two counts of conviction, arguing that this application is appropriate in his particular case.  However, *Reed* instructs to the contrary.  "In deciding whether multiple convictions are proper, a court should consider only the statutory elements."  (*Reed, supra*, 38 Cal.4th at pp. 1229.)

3

" '[O]nly a statutorily lesser included offense is subject to the bar against multiple convictions in the same proceeding. An offense that may be a lesser included offense because of the specific nature of the accusatory pleading is not subject to the same bar.' " (*Reed, supra*, 38 Cal.4th at pp. 1229.)

In support of his claim that section 11378 is a lesser included offense of section 11379, defendant relies on *People v. Johnson* (1970) 5 Cal.App.3d 844. There, while reversing the judgment on other grounds, the appellate court held the defendant could "neither be legally convicted of, nor lawfully punished for, both possessing and transporting" a pill removed from his pocket after he crossed the border from Mexico. (*Id.* at pp. 846-847.) The court added that where the possession "was incidental to, and a necessary part of, the transportation" and "[n]o prior, different or subsequent possession of the pill was shown, . . . the offense of possession was necessarily included in the offense of transporting the pill." (*Ibid.*)

Our Supreme Court has called the continuing validity of this position "dubious" (*Reed, supra,* 38 Cal.4th at p. 1229, fn. 2), but has not expressly overruled *Johnson*. Regardless, it is clear to us that the holding in *Reed* mandates application of the necessary elements test without exception. Consequently, we do so here.

Section 11378 punishes "a person who *possesses* for sale a controlled substance." (Italics added.) Amended section 11379 punishes "every person who *transports*, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any controlled substance[.]" (§ 11379, subd. (a), italics added.) Subdivision (c) of section 11379 provides that, "[f]or purposes of this section, 'transports' means to transport for sale." Applying the statutory elements test, it remains true that transport does not necessarily include possession; for example, one may be liable for transporting by aiding and abetting a transporter, without being in actual or constructive possession of the drugs. "Although possession is commonly a circumstance

4

tending to prove transportation, it is not an essential element of that offense and one may 'transport' [drugs] even though they are in the exclusive possession of another." (*Rogers*, *supra*, 5 Cal.3d at p. 134, fn. omitted.)  Thus, section 11378 is not a lesser included offense of section 11379.  In arguing to the contrary, defendant argues the facts and circumstances of his particular case, as well as others, which we may not consider when applying the elements test.

## DISPOSITION

The judgment is affirmed.


        DUARTE        , J.


We concur:


        HULL        , Acting P. J.


        MAURO        , J.