Filed 11/20/20  P. v. Barksdale CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>MARQUESHA BARKSDALE,<br><br>      Defendant and Appellant. | C088650<br><br>(Super. Ct. No. 15F01970) |

Defendant Marquesha Barksdale appeals a judgment entered following the jury's verdicts that she committed robbery (Pen. Code, § 211),[1] petty theft (§ 484, subd. (a)), and battery (§ 242).  She argues that because petty theft is a lesser included offense of robbery, her petty theft conviction must be stricken by this court.  Defendant further

---

[1]     Undesignated statutory references are to the Penal Code.

requests the fees associated with her petty theft conviction be stricken as well. The People concur with defendant's requests. We agree that defendant's conviction for petty theft cannot stand. Accordingly, we will modify the judgment to vacate that conviction and its associated fees.

## BACKGROUND

The People's amended information charged defendant with robbery (§ 211—count one), petty theft (§ 484, subd. (a)—count two), and battery (§ 242—count three). The matter was tried to a jury, who found her guilty on all counts. All convictions arose from a single incident wherein defendant struggled with and bit a security officer who stopped her outside a store in an attempt to recover merchandise defendant had concealed and taken from the store without payment. Defendant was ultimately detained by a second security officer.

The court placed defendant on probation for a term of five years with 240 days in county jail. The court then imposed sentences of 240 days for both counts two and three, which it stayed pursuant to section 654. The court also imposed various fines and fees, including the complained of $30 conviction assessment fee (Gov. Code, § 70373), and the $40 court operations assessment fee (§ 1465.8) associated with defendant's petty theft conviction. The court later modified the judgment to stay certain of these fines and fees pending a determination of defendant's ability to pay.[2] Defendant timely appealed her judgment of conviction.

---

[2] Defendant also appealed from this resentencing, resulting in case No. C090699, which was consolidated with the instant matter for purposes of argument and opinion. However, this consolidation was vacated after defendant's voluntary dismissal of that appeal.

DISCUSSION

Defendant contends her conviction for petty theft (count two) must be stricken because it is a lesser included offense of robbery (count one). The People agree. We accept this concession and will modify the judgment to vacate this conviction and its associated fees.

In general, a criminal "defendant may receive multiple convictions for offenses arising out of a single act or course of conduct . . . ." (*People v. Villa* (2007) 157 Cal.App.4th 1429, 1434 (*Villa*); § 954.) However, "multiple convictions may not be based on necessarily included offenses. The test for necessarily included offenses is whether an offense cannot be committed without necessarily committing another offense." (*Villa,* at p. 1434.)

"[T]heft is a necessarily included offense of robbery." (*People v. Ortega* (1998) 19 Cal.4th 686, 694, overruled on other grounds in *People v. Reed* (2006) 38 Cal.4th 1224, 1228-1229.) Robbery includes all of the elements of theft with the additional element of use of force. (*Ortega*, at p. 694; *Villa, supra*, 157 Cal.App.4th at p. 1434.) A defendant, therefore, "cannot be convicted of both robbery and theft arising from the same course of conduct." (*Villa*, at p. 1434.)

As the parties acknowledge, here all convictions arose from a single course of conduct wherein defendant assaulted a security officer who was attempting to recover merchandise defendant had concealed and taken from the store without paying for it. As such, defendant's petty theft conviction cannot stand. (See *Villa, supra*, 157 Cal.App.4th at pp. 1434-1435 [petty theft with a prior and robbery]; *People v. La Stelley* (1999) 72 Cal.App.4th 1396, 1400-1402 [grand theft and robbery].)

3

## DISPOSITION

For the foregoing reasons, we modify the judgment to vacate defendant's conviction for petty theft (§ 484, subd. (a)), as well as the $30 conviction assessment fee (Gov. Code, § 70373) and the $40 court operations assessment fee (§ 1465.8) associated with that conviction.  The judgment is affirmed as modified.  The trial court is directed to prepare the necessary documents reflecting this change.


                                        /s/
                                        BLEASE, J.



We concur:



        /s/
RAYE, P. J.



        /s/
MURRAY, J.


4