Filed 2/26/13  P. v. Ortega CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRANK ORTEGA,<br><br>    Defendant and Appellant. | 2d Crim. No. B239283<br>(Super. Ct. No. BA388227)<br>(Los Angeles County) |

Frank Ortega appeals the judgment following his convictions for evading an officer (Veh. Code, § 2800.2, subd. (a)) (count 1) and misdemeanor reckless driving (Veh. Code, § 23103, subd. (a)) (count 2).  He was sentenced to the low term of one year four months in state prison on count 1 and to a concurrent 90-day term on count 2. Ortega contends the trial court erred by refusing to instruct the jury on the defense of duress and by failing to stay imposition of the sentence on count 2.  We affirm.

FACTS AND PROCEDURAL BACKGROUND

On the evening of August 26, 2011, while on patrol in his black-and-white police vehicle, Los Angeles Police Sergeant Louie Lozano observed a Ford pickup truck fail to stop at the red light at the intersection of Lincoln Park Avenue and Mission Road. The truck was traveling at a high rate of speed, up to 70 miles per hour.  Lozano, who had been stopped at the intersection, began pursuit.  He saw the truck run another red light. As the chase continued, the truck increased its speed to approximately 80 miles per hour,

wove in and out of traffic, ran several stop signs and made an illegal left turn. When Lozano was about a half block behind the truck, he activated his lights and siren. The truck continued to travel at 75 to 80 miles per hour and ran more stop signs and red lights before turning onto a side street.

When Sergeant Lozano turned onto the side street, he saw the truck stopped, with one person running away from it. The passenger door of the truck was closed, and there was no one else in the area. Two back-up units arrived within 30 to 45 seconds. A resident notified the officers that a male had exited the truck and was running through his backyard. The officers discovered Ortega, the truck's owner, hiding in the bushes. Shortly after his arrest, Ortega told the officers: "I had to drive like that because Listo from Rose Hills [a gang] had a .38 pointed at me and demanded that I take him places to pick up some things. I was so scared . . . that I . . . soiled my pants." Ortega had in fact defecated in his pants. Although Sergeant Lozano had seen only one person in the truck, he had a police helicopter conduct an infrared search of the surrounding area. No other suspects were located.

Ortega was charged with evading an officer and misdemeanor reckless driving. At trial, he sought to admit his post-arrest statement about "Listo." The trial court ruled that the statement was admissible as a non-hearsay statement, explaining: "The statement in my view was made not for the truth of the matter asserted but to show the state of mind of [Ortega] at the time when he allegedly did this driving."

Ortega requested that the trial court instruct the jury with CALCRIM No. 3402 on the defense of duress,[1] claiming the instruction was supported by Ortega's post-

---

[1] CALCRIM No. 3402 states:
"The defendant is not guilty of <insert crime[s]> if (he/ she) acted under duress. The defendant acted under duress if, because of threat or menace, (he/she) believed that (his/her/ [or] someone else's) life would be in immediate danger if (he/she) refused a demand or request to commit the crime[s]. The demand or request may have been express or implied.
The defendant's belief that (his/her/ [or] someone else's) life was in immediate danger must have been reasonable. When deciding whether the defendant's belief was reasonable, consider all the circumstances as they were known to and appeared to the defendant and consider what a reasonable person in the same position as the defendant would have believed.

2

arrest statement to police.  Relying on *People v. Ortiz* (1995) 38 Cal.App.4th 377 (*Ortiz*), the court refused the request, observing "there is no evidence currently . . . before the jury as to the evidence that [Ortega] was threatened.  The evidence only came in for the non-hearsay purpose . . . as to [Ortega's] state of mind.  [¶] . . .  There is not substantial evidence before the court because the evidence was only admitted for a non-hearsay purpose."

The trial court gave defense counsel an opportunity to re-open evidence to allow Ortega to testify regarding the alleged second person in the truck.  When he chose not to do so, the trial court instructed the jury that Ortega's post-arrest statement regarding Listo "is only to be used as evidence of [Ortega's] fear, and is not to be used as proof of what was spoken."  The jury convicted Ortega on both charges.

DISCUSSION

*Ortega Failed to Present Substantial Evidence of Duress*

Ortega contends the trial court erroneously refused to instruct the jury on duress.  We disagree.   A defense of duress requires that the defendant show that he acted under immediate threat of harm and reasonably believed his life was in danger, such that the defendant did not have time to form the required criminal intent.  (Pen. Code, § 26, par. Six; *People v. Wilson* (2005) 36 Cal.4th 309, 331; *People v. Heath* (1989) 207 Cal.App.3d 892, 899-901.)  A defendant is entitled to a jury instruction on duress only if it is supported by substantial evidence.  (*People v. Petznick* (2003) 114 Cal.App.4th 663, 676-677; *People v. Cole* (2004) 33 Cal.4th 1158, 1206.)  Substantial evidence is evidence from which a jury reasonably could conclude that the particular facts underlying the instruction exist.  (*Petznick*, at p. 677; *People v. Flannel* (1979) 25 Cal.3d 668, 685-686,

---

A threat of future harm is not sufficient; the danger to life must have been immediate.

[The People must prove beyond a reasonable doubt that the defendant did not act under duress. If the People have not met this burden, you must find the defendant not guilty of *<insert crime[s]>*.]

[This defense does not apply to the crime of *<insert charge[s] of murder; see Bench Notes>*.]"

3

superseded in part by statute on another point as stated in *In re Christian S.* (1994) 7 Cal.4th 768, 777.)

The only evidence of duress proffered by Ortega was his post-arrest statement that he "had to drive like that because Listo from Rose Hills had a .38 pointed at me and demanded that I take him places to pick up some things. I was so scared . . . that I . . . soiled my pants." Ortega acknowledges this statement was admitted as circumstantial evidence of his state of mind and not for the truth of the matter asserted. In other words, the statement was not admitted to prove that Listo was actually in the truck, threatening Ortega with a gun and forcing him to drive recklessly. Rather, it was admitted only as circumstantial evidence from which inferences could be drawn concerning his fear of Listo.

*Ortiz, supra,* 38 Cal.App.4th at page 389 addressed the difference between evidence admissible under Evidence Code section 1250[2] and evidence admissible as circumstantial evidence of the declarant's state of mind. Evidence admitted under section 1250 is hearsay as it describes a mental or physical condition and is received for the truth of the matter asserted. (*Ibid.*) In contrast, evidence which does not declare a state of mind, but is circumstantial evidence of the declarant's state of mind, is not hearsay. "It is not received for the truth of the matter stated, but rather whether the statement is true or not, the fact such statement was made is relevant to a determination of the declarant's state of mind." (*Ibid.*)

In *Ortiz*, the statement of the *victim* was offered to show her state of mind as evidence that she would not have sought an intimate relationship with her assailant. (*Ortiz, supra,* 38 Cal.App.4th at pp. 385-386.) The truth of the circumstances was unimportant. Her fear concerned the defendant's claim that she sought him. Here, Ortega's stated fear is not relevant absent independent evidence of its cause.

_____

[2] Evidence Code section 1250 provides that "evidence of a statement of the declarant's then existing state of mind, emotion, or physical sensation (including a statement of intent, plan . . .) is not made inadmissible by the hearsay rule when: [¶] (1) The evidence is offered to prove the declarant's state of mind, emotion, or physical sensation at that time or at any other time when it is itself an issue in the action; or [¶] (2) The evidence is offered to prove or explain acts or conduct of the declarant."

The trial court appropriately instructed the jury that the post-arrest statement "is only to be used as evidence of [Ortega's] fear, and is not to be used as proof of what was spoken." (See *Ortiz, supra,* 38 Cal.App.4th at p. 389.) Because the statement was admitted only for that limited purpose, and not for the truth, it did not provide sufficient evidentiary support for a jury instruction on the defense of duress. The trial court correctly observed "there hasn't been any evidence presented to the jury . . . that a threat was actually made."

As the prosecution points out, there was no other evidence that any life-threatening danger to Ortega was "both imminent and immediate at the time the crime [was] committed." (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 100.) At most, the statement was an unsubstantiated, self-serving misstatement of the truth. Sergeant Lozano testified that Ortega was the only person in the truck. When Lozano approached the truck, he saw only Ortega running from the vehicle. In an abundance of caution, however, Lozano called in a police helicopter with infrared heat detection to search for a second suspect. No one was found. Officers at the scene observed that the door on the passenger side of the truck was still closed after Ortega abandoned the truck, and a local resident told the officers he saw only one man running from the truck. In the absence of any evidence of life-threatening danger, the trial court properly refused to instruct the jury on duress.

Even if the post-arrest statement did support an instruction on duress, the error was not prejudicial. (*People v. Watson* (1956) 46 Cal.2d 818, 836.) A conviction must be reversed only if it is reasonably probable that the defendant would have realized a better result but for the error. (*People v. Breverman* (1998) 19 Cal.4th 142, 178.) There was no credible evidence that Ortega was under duress from Listo or anyone else at the time he committed the crimes. Given the overwhelming evidence of Ortega's guilt, any error in failing to give the instruction was harmless. (*Ibid.*)

5

*Sentence Imposed on Count 2 Should Not be Stayed*

Ortega contends the trial court should have stayed execution of his sentence on count 2 under Penal Code section 654 because he committed both crimes with the single intent and objective of evading the police. We disagree.

Penal Code section 654 provides that "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." In other words, section 654 prohibits multiple punishments for a single act or indivisible course of conduct. (*People v. Hester* (2000) 22 Cal.4th 290, 294; *People v. Latimer* (1993) 5 Cal.4th 1203, 1208.) The trial court must stay execution of the sentence on convictions for which multiple punishments are prohibited. (*People v. Reed* (2006) 38 Cal.4th 1224, 1227.)

The record reflects Ortega's initial criminal objective was to drive recklessly. Sergeant Lozano observed Ortega speeding through a red light before Ortega was aware that Lozano was stopped at that intersection. The pursuit had yet to begin. Thus, the first episode of driving was wholly unrelated to the officer's presence or pursuit and constituted the offense of reckless driving. (See Veh. Code, § 23103, subd. (a).) Once the pursuit began the offense took on a wholly different character and objective. Accordingly, the trial court properly refused to stay execution of the sentence on count 2.

The judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

6

Drew E. Edwards, Judge

Superior Court County of Los Angeles

_____

Gideon Margolis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Linda C. Johnson, Supervising Deputy Attorney General, Ryan M. Smith, Deputy Attorney General, for Plaintiff and Respondent.