Filed 2/2/16  P. v. Gracia CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　Plaintiff and Respondent,<br><br>v.<br><br>GILBERT ANTHONY GRACIA,<br><br>　Defendant and Appellant. | 2d Crim. No. B259584<br>(Super. Ct. No. VA122592)<br>(Los Angeles County)<br><br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on Janaury 19, 2016, be modified as follows:

1.  On page 1, first sentence of the first full paragraph which reads, "Gilbert Anthony Gracia was being kidnapped by Anthony Sanchez over a drug transaction" is deleted and replaced with the following sentence:  "Anthony Sanchez was being kidnapped by Gilbert Anthony Gracia over a drug transaction."

[There is no change in the judgment.]

Filed 1/19/16  P. v. Gracia CA2/6 (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

THE PEOPLE,

    Plaintiff and Respondent,

v.

GILBERT ANTHONY GRACIA,

    Defendant and Appellant.

2d Crim. No. B259584
(Super. Ct. No. VA122592)
(Los Angeles County)

Gilbert Anthony Gracia was being kidnapped by Anthony Sanchez over a drug transaction.  Sanchez's cousin, Roger, overheard the ruckus and came to his aid.  Gracia shot and killed Roger.  Gracia appeals from his conviction by jury of first degree murder (Pen. Code,[1] §§ 187, subd. (a), 189).  He contends that the trial court erred in failing to instruct the jury on the lesser included offenses of second degree murder and voluntary manslaughter.  Appellant was also convicted of possession of a firearm by a former felon (§ 12021, subd. (a)(1)); kidnapping to commit robbery (§ 209, subd. (b)(1)); kidnapping (§ 207, subd. (a)); and two assaults with a firearm (§ 245, subd. (a)(2)).  The jury found true firearm allegations (§ 12022.53, subds. (b), (c), (d)), and special circumstance allegations that the murder was committed during the commission of a

---

[1] All statutory references are to the Penal Code unless otherwise stated.

kidnapping (§§ 190.2, subd. (a)(17)(B), 207) and a robbery (§§ 190.2, subd. (a)(17)(A), 211)). The trial court sentenced appellant to life in prison without the possibility of parole, plus 38 years. Appellant also contends that the court erred by imposing a parole revocation fine, and that his kidnapping conviction must be reversed because it is a lesser included offense of kidnapping to commit robbery. Respondent correctly concedes the latter contention. We reverse the kidnapping conviction and otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant and Richard Martinez gave Michael Leon several hundred dollars to buy methamphetamine from Jose Antonio (Tony) Sanchez.[2] Leon gave Sanchez the money but Sanchez kept it, claiming that Leon owed him money from an earlier drug deal. Leon returned empty-handed and reported what had happened.

A week later, appellant, Martinez and three others went to a house where Sanchez was visiting his cousin Roger Sanchez (Roger) and other relatives. They waited in a nearby alley until Sanchez came out. Martinez and appellant confronted Sanchez and asked for their money. Sanchez said he was keeping the money because Leon owed it to him. Appellant took out a gun and said, "Let me make this easier for you." He placed the gun against Sanchez's temple and tried to shove him into a car. Hearing the commotion, Roger yelled something to the effect that "that" was not going to happen. Appellant turned and fatally shot Roger.

After shooting Roger, appellant turned back to Sanchez. He placed his arm around Sanchez's neck and put him in a car, while pointing a gun at him. Martinez sat in the back seat of the car. He and appellant told Sanchez to empty his pockets. Sanchez complied and gave appellant about $80-$100. They took Sanchez to his house, where he obtained more money and some "dope," which he gave to appellant and Martinez. They put Sanchez back in the car, drove around for a while, then dropped him off on a street corner.

---

[2] The prosecution charged Richard Martinez with voluntary manslaughter. He pled guilty and testified for the prosecution.

DISCUSSION

*Lesser Included Offense Instructions*

Appellant contends that the trial court erred by denying his request for jury instructions on second degree murder and voluntary manslaughter as lesser included offenses of first degree murder. We disagree.

A trial court has a duty to instruct on the general principles of law closely and openly connected with the facts before the court, and which are necessary for the jury's understanding of the case. (*People v. Breverman* (1998) 19 Cal.4th 142, 154-155.) An accusatory pleading gives notice to the defendant that the prosecution intends to prove all the elements of any lesser necessarily included offense of the charged offense and that the defendant must be prepared to defend against such offenses. (*People v. Birks* (1998) 19 Cal.4th 108, 118.) Accordingly, due process requires a trial court to instruct the jury on lesser necessarily included offenses when there is a question whether all elements of the charged offense are present, provided there is substantial evidence justifying conviction of a lesser included offense. (*People v. Gray* (2005) 37 Cal.4th 168, 219.)

Second degree murder and voluntary manslaughter are lesser included offenses of first degree malicious murder. (*People v. Taylor* (2010) 48 Cal.4th 574, 623.) The element of malice required for murder will be implied when the killing results from an intentional act that is dangerous to life and the killer knows that his conduct endangers the life of another and acts with conscious disregard for life. (*Id.* at pp. 623, 624.) But malice is not required for first degree felony murder. Second degree murder and voluntary manslaughter are not recognized as lesser included offenses of first degree felony murder. (*People v. Cavitt* (2004) 33 Cal.4th 187, 197, 205; see also *Taylor*, *supra*, at p. 623.)

In arguing that the trial court erred by denying his request for lesser included offense instructions, appellant stresses that the information included allegations of murder with malice as well as felony murder. Despite those allegations, the court was not required to give the requested instructions because there was not substantial evidence

justifying a conviction of a lesser offense. "Where the evidence points indisputably to a killing committed in the perpetration of one of the felonies section 189 lists, the *only* guilty verdict a jury may return is first degree murder. [Citations.] Under these circumstances, a trial court 'is justified in withdrawing' the question of degree 'from the jury' and instructing it that the defendant is either not guilty, or is guilty of first degree murder." (*People v. Mendoza* (2000) 23 Cal.4th 896, 908-909.)

The evidence established that appellant shot Roger during the commission of a robbery and a kidnapping. Appellant demanded money from Sanchez. Sanchez refused his demand, and appellant responded by putting a gun to Sanchez's temple, and attempting to put him in a car. When Roger tried to assist Sanchez, appellant fatally shot Roger in the chest and resumed his attack on Sanchez. Because the elements of felony murder and the special circumstance coincide, the true findings as to the robbery and kidnapping special circumstances establish that the jury would have convicted appellant of first degree murder under a felony murder theory, regardless of whether more extensive instructions were given on second degree murder and voluntary manslaughter. (*People v. Castaneda* (2011) 51 Cal.4th 1292, 1328.)

*Parole Revocation Fine*

Citing *People v. Oganesyan* (1999) 70 Cal.App.4th 1178, 1181-1186, appellant contends that the trial court erred by imposing a section 1202.45 parole revocation fine. We disagree.

The court cannot impose a parole revocation fine where a defendant's sentence does not include a determinate term of imprisonment under section 1170. (*People v. Oganesyan*, *supra*, 70 Cal.App.4th at pp. 1181-1186.) A court may, however, impose a parole revocation fine where a defendant's aggregate sentence also includes a determinate term. (*People v Brasure* (2008) 42 Cal.4th 1037, 1075. In *Brasure*, our supreme court upheld the imposition of a section 1202.45 parole revocation fine upon a defendant who received a determinate term sentence in addition to a death sentence. As the *Brasure* court observed, section 3000, subdivision (a)(1) requires that determinate terms include a period of parole, even where a defendant is unlikely to serve any part of

4

the parole period. A determinate sentence also includes "a suspended [section 1202.45] parole revocation restitution fine." (*Id*. at p. 1075.) Appellant's sentence includes a determinate term of 13 years for his count 7 assault with a deadly weapon conviction, which could later involve a term of parole (§ 3000, subd. (a)(1)) and a parole revocation fine (§ 1202.45). Consequently, the trial court properly imposed and suspended a parole revocation fine. (*Brasure*, *supra*, at p. 1075.)

*Simple Kidnapping*

Appellant asserts and respondent concedes that appellant's simple kidnapping conviction (count 5) must be reversed because it is a necessarily included offense of his conviction of kidnapping for robbery (count 4). We agree. Multiple convictions may not be based on necessarily included offenses arising out of a single act or course of conduct. (*People v. Reed* (2006) 38 Cal.4th 1224, 1226, 1231.) When a defendant is convicted of an offense and a necessarily included lesser offense, the remedy is to reverse the conviction of the lesser included offense. (*People v. Moran* (1970) 1 Cal.3d 755, 763.) We so direct.

DISPOSITION

The simple kidnapping charged in count 5 is reversed. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.


5

John A. Torribio, Judge

Superior Court County of Los Angeles
_____


Lynda A. Romero, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, and Stephanie A. Miyoshi and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.