Filed 6/28/21  P. v. Canales CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE , <br><br> Plaintiff and Respondent, <br><br> v. <br><br> LUIS BENITO CANALES, <br><br> Defendant and Appellant. | F080664 <br><br> (Super. Ct. No. F18903461) <br><br><br> **OPINION** |

---

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  James A. Kelley, Judge.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Michael A. Canzoneri, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P.J., Meehan, J. and Snauffer, J.

Defendant Luis Benito Canales pled no contest to identity theft and admitted two prior prison term allegations. After he was sentenced, defendant moved to recall his sentence due to the passage of Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136). At resentencing, the trial court struck one prior prison term enhancement. On appeal, defendant contends that the remaining prior prison term enhancement should also be stricken pursuant to Senate Bill 136. We agree and order the enhancement stricken. In all other respects, we affirm.

## FACTUAL AND PROCEDURAL SUMMARY[1]

On January 4, 2018, defendant attempted to cash a fraudulent check at a bank. The teller suspected the check was fraudulent and told defendant she needed manager approval to cash the check. After speaking to the manager, the teller determined the check was fraudulent and contacted the police.

On May 30, 2019, the Fresno County District Attorney filed an amended information charging defendant with identity theft (Pen. Code, § 530.5, subd. (a);[2] count 1), forgery (§ 475, subd. (c); count 2), second degree commercial burglary (§§ 459, 460, subd. (b); count 3), and identity theft with a prior conviction (§ 530.5, subd. (c)(2); count 4). It was further alleged that defendant had served six prior prison terms (§ 667.5, subd. (b)).

On August 8, 2019, defendant entered a negotiated plea in which he pled no contest to count 1 and admitted two prior prison term allegations. The remaining counts and special allegations were dismissed and the prosecutor agreed to a five-year sentencing lid.

---

[1] The parties stipulated to the police report as the factual basis for the plea. The facts are taken from the police report, as quoted in the probation report.

[2] All further statutory references are to the Penal Code unless otherwise noted.

On September 10, 2019, the trial court sentenced defendant to a total term of five years as follows:  on count 1, the upper term of three years, plus two consecutive one-year prior prison term enhancements.

On December 9, 2019, defendant moved to recall his sentence due to the passage of Senate Bill 136.

On January 8, 2020, the trial court resentenced defendant, striking one of the prior prison term enhancements.  He was resentenced to a total term of 4 years as follows:  on count 1, the upper term of three years, plus a one-year prior prison term enhancement.

On January 22, 2020, defendant filed a notice of appeal.

## DISCUSSION

Defendant contends that his prior prison term enhancement must be stricken pursuant to Senate Bill 136.  The People concede, and we agree.

Senate Bill 136 amended section 667.5, subdivision (b) to limit prior prison term enhancements to only prior terms that were served for a sexually violent offense as defined by Welfare and Institutions Code section 6600, subdivision (b).  (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020.)  In this case, defendant's remaining prior prison term was served for either a conviction for the possession of a firearm (former § 12021, subd. (a)), or for possession for sale of a controlled substance (Health & Saf. Code, § 11378) and the possession of ammunition (§ 30305, subd. (a)), not for a sexually violent offense.  Accordingly, the prior prison term enhancement must be stricken.

Defendant further argues that remand for resentencing is not necessary because the trial court imposed the maximum sentence possible.  Again, the People concede and we agree.  Generally, "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)  However, remand is not necessary where, as in this

3.

case, the trial court has already imposed the maximum sentence available. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 342.) As previously noted, defendant was charged with four felony counts—identity theft (§ 530.5, subd. (a)), forgery (§475, subd. (c)), second degree commercial burglary (§§ 459, 460, subd. (b)), and identity theft with a prior conviction (§ 530.5, subd. (c)(2)). The four counts were based on the same act in which defendant attempted to cash a fraudulent check at a bank. As such, the parties agree that defendant could only be punished under one count pursuant to section 654. Under section 654, subdivision (a), "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." Accordingly, defendant could not receive a longer sentence by imposing additional convictions because any additional sentences would have to be stayed. (*People v. Reed* (2006) 38 Cal.4th 1224, 1227 [when multiple conviction is allowed, "but section 654 prohibits multiple punishment, the trial court must stay execution of sentence on the convictions for which multiple punishment is prohibited"].) Moreover, defendant was already sentenced to the upper term on count 1, and the three dismissed counts do not authorize a greater punishment. Additionally, although defendant had four additional prior prison terms that were dismissed, those prior prison terms are also now unauthorized under Senate Bill 136 and cannot be used to enhance defendant's sentence. Thus, no purpose would be served by remand.

## DISPOSITION

The prior prison term enhancement under section 667.5, subdivision (b) is stricken. The trial court is directed to prepare an amended abstract of judgment and forward it to the appropriate entities. As so modified, the judgment is affirmed.