Filed 10/25/21  P. v. Jung CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BYUNG JAE JUNG,<br><br>    Defendant and Appellant. | 2d Crim. No. B305741<br>(Super. Ct. No. BA469958)<br>(Los Angeles County) |

A jury convicted appellant Byung Jae Jung of kidnapping (Pen. Code, § 207, subd. (a) [1]), false imprisonment by violence (§ 236), corporal injury on a cohabitant (§ 273.5, subd. (a)), assault with a deadly weapon (§ 245, subd. (a)(1) (ADW)), criminal threats (§ 422, subd. (a) (threats)), and misdemeanor assault (§ 240).  The court sentenced him to state prison for nine years and eight months.

---

[1] All statutory references are to the Penal Code.

Jung appealed.  He contends the trial court ought to have stayed the sentences imposed on the ADW and threats convictions pursuant to section 654.  He also contends the court improperly imposed the sentence for false imprisonment because it was a lesser included offense of kidnapping.

We reverse Jung's false imprisonment conviction and order the trial court to correct a sentencing enhancement error in the abstract of judgment.  The judgment is otherwise affirmed.

FACTUAL BACKGROUND

Victim Peggy K. moved into Jung's apartment shortly after they began dating in February of 2018.  Jung soon suspected Peggy of cheating on him with an unidentified man.  In May he demanded she dial the numbers in her cell phone history to see if a man answered.  When only women picked up Jung told her to stop but immediately demanded to know if she intended to leave him.  He grabbed a large kitchen knife and threatened to kill himself if she left.  Peggy hid the knife while Jung went to the bathroom and told him she would call 911 if he cut himself.  They returned to bed.

Peggy attempted to sneak out of the house that evening while Jung slept.  He awoke and intercepted her car.  She said she planned to visit her friend.  Jung showed up at the friend's house 30 minutes later and told Peggy she should not leave him.  He then dragged her to the car and drove back to his apartment.  She jumped out as soon as they arrived but soon realized she left her keys and wallet inside the car.  Police escorted her to the apartment after she called them from a nearby restaurant.  Accessing the unit through a window, she found neither Jung nor her personal items inside.

Peggy called Jung early the next morning. Jung agreed to return her items if she met him at the apartment building. When she arrived, he grabbed her by the hand and dragged her through the lobby and up the stairs. He broke a beer bottle over her head and repeatedly punched and kicked her. Jung pulled Peggy into his apartment and said he intended to kill her and then himself. He directed her to get on his bed and spread her legs so he could cut off her genitals with a knife he had grabbed. At some point he swung the knife and cut Peggy's finger.

The attack ended when police arrived and knocked loudly on the door. Jung fled by jumping off the balcony. Police found Peggy covered in bruises and cuts. She told them Jung inflicted the injuries. They recovered the knife from under the bed and found fresh blood on the bedsheets. Jung was arrested after a witness reported seeing him walk away from the apartment building naked from the waist down.

## DISCUSSION

### A. *The Sentences for Assault with a Deadly Weapon and Criminal Threats Were Not Subject to Penal Code Section 654*

Jung argues the trial court should have stayed his sentences for ADW and threats because they were part of an indivisible series of criminal acts culminating in Peggy's kidnapping. (§ 654; see *People v. Reed* (2006) 38 Cal.4th 1224, 1227 ["the trial court must stay execution of sentence on the convictions for which multiple punishment is prohibited"].) We disagree.

A defendant's intent and objectives determine whether a series of criminal acts falls within section 654's general bar on multiple punishments. (*People v. Harrison* (1989) 48 Cal.3d 321, 335.) The evidence shows Jung's assault and threats were not

3

committed in furtherance of Peggy's kidnapping or to prevent her escape. The crime was complete when Jung dragged her into his apartment. (See, e.g., *People v. Arias* (2011) 193 Cal.App.4th 1428, 1435 [asportation requirement for kidnapping met where victim moved 15 feet into more secluded area of apartment where additional crimes would less likely be detected].) We find no reason to disturb the trial court's decision to sentence Jung separately for the acts of torment occurring afterward.

### B. False Imprisonment Is a Lesser Included Offense of Kidnapping

Jung asserts, and the People concede, false imprisonment is a lesser included offense of kidnapping. (*People v. Ratcliffe* (1981) 124 Cal. App.3d 808, 820, citing *People v. Bauer* (1969) 1 Cal.3d 368, 375. We reverse the conviction on count 3.

### C. The Abstract of Judgment Incorrectly Identifies Jung's Weapons Enhancements

The abstract of judgment mistakenly lists section 12022, subdivision (b)(2) instead of (b)(1) as the basis of the weapons enhancements found true as applied to his false imprisonment, corporal injury on a cohabitant, and threats convictions. The People again concede the point. We order the trial court to correct the abstract accordingly.

### DISPOSITION

Jung's conviction for false imprisonment (count 3) is reversed and vacated. The abstract of judgment is modified to reflect this change and to correct its errant references to section 12022, subdivision (b)(2). The enhancements on counts 4 and 8 should instead refer to subdivision (b)(1). The superior court clerk shall prepare an amended abstract and forward it to the

4

Department of Corrections and Rehabilitation.  The judgment is
otherwise affirmed.

    NOT TO BE PUBLISHED.


                            PERREN, J.


We concur:


    GILBERT, P.J.


    TANGEMAN, J.

William N. Sterling, Judge
Superior Court County of Los Angeles

_____

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Ryan M. Smith, Deputy Attorney General.