Filed 12/12/22  P. v. Lavi CA2/6
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>NASSER LAVI,<br><br>     Defendant and Appellant. | 2d Crim. No. B306345<br>(Super. Ct. No. 2019031654)<br>(Ventura County)<br><br>OPINION ON TRANSFER<br>FROM SUPREME COURT |

Nasser Lavi appeals from the judgment entered after a jury had convicted him of assault by means of force likely to produce great bodily injury (assault GBI – Pen. Code, § 245, subd. (a)(4));[1] willfully inflicting physical pain upon an elder (elder abuse – § 368, subd. (b)(1)); and making threatening phone calls, a misdemeanor (§ 653m, subd. (a)).  The victim was appellant's 78-year-old uncle, J.L. (Uncle).  Appellant was sentenced to prison for three years.

---

[1] All statutory references are to the Penal Code.

Appellant was charged with assault with a deadly weapon (ADW). (§ 245, subd. (a)(1).) He contends the trial court prejudicially instructed the jury on what it mistakenly believed to be the lesser included offense of assault GBI. In addition, he claims the court failed to instruct the jury sua sponte on self-defense. Finally, appellant argues that in violation of section 654, the trial court imposed an unstayed concurrent term for the elder abuse conviction.

In an unpublished opinion filed on June 22, 2021, we modified the judgment to stay execution of the sentence for the elder abuse conviction and affirmed the judgment as modified. On September 1, 2021, the California Supreme Court granted review (S270089). On November 16, 2022, it transferred the matter to us "with directions to vacate [our] decision and reconsider the cause in light of *People v. Aguayo* (2022) 13 Cal.5th 974 [*Aguayo*]." In *Aguayo* the Supreme Court held that assault GBI and ADW "are 'different statements of the same offense.'" (*Id*. at p. 979.) Thus, assault GBI is not a lesser included offense of ADW.

We vacate our original decision. After reconsidering the cause in light of *Aguayo* and the parties' supplemental briefs, we have not changed our original decision's disposition of the appeal. We modify the judgment to stay execution of the sentence for the elder abuse conviction and affirm the judgment as modified.

*Facts*

Appellant, who was about 55 years old, mistakenly believed that Uncle owed him millions of dollars. Appellant left numerous profanity-laced voicemails on Uncle's phone threatening to commit acts of violence against him. In one of the voicemails,

2

appellant said he was "coming to see" Uncle "[a]nd you better have a fucking army behind you, bitch.  An army!"

A few weeks after the "army" voicemail, Uncle opened his garage door and saw appellant's car blocking the driveway.  The car was parked behind Uncle's vehicle.  Appellant asked Uncle questions requiring a "yes" or "no" answer.  When Uncle replied "no," appellant "came at [him] full force, throwing some punches."  At trial Uncle testified that one of the punches had struck him on the side of his left eye.  However, at the preliminary hearing Uncle had testified, "'I don't think he reached [punched] me, I don't think he did.'"

Uncle turned to retrieve a machete hanging from a hook on the wall inside the garage.  He intended to use it to defend himself.  When he turned, Uncle "felt something hit [his] face" and then immediately "heard something hitting the floor."  Blood gushed "[f]rom [his] forehead down to [his] chin."  Appellant was standing at least five feet away from Uncle, too far away to hit Uncle in the face with his fists.  Uncle grabbed the machete and "chase[d] [appellant] back to his car."

At the spot in the garage where he had been hit in the face before grabbing the machete, Uncle found a slab of granite on the floor.  He concluded that appellant had thrown the granite at him, causing the injury to his face.  Before appellant parked his car in Uncle's driveway, the slab of granite had been on a chair beside a table.  Uncle testified, "I believe that while I was turning around to pick up the machete [appellant] picked up the . . . granite . . . ."

The slab of granite was received in evidence.  A police officer estimated that it weighed between 15 and 20 pounds.  It was about two feet long, four inches wide, and two inches deep.

3

Appellant did not testify.

*Appellant's Conviction of Assault GBI Is Valid*

*Despite the Trial Court's Erroneous Jury Instruction*

Count 1 of the information alleged that appellant had committed "the crime of assault with [a] deadly weapon, in violation of Penal Code [section] 245(a)(1)," and that the deadly weapon was a "granite slab." (Capitalization omitted.) The trial court erroneously instructed the jury on assault GBI as a lesser included offense of ADW. (§ 245, subd. (a)(4).) The jury found appellant not guilty of ADW but guilty of assault GBI, "a lesser crime to the crime alleged in Count 1 of the Information." (Capitalization and bold omitted.)

In his supplemental brief, appellant contends his assault GBI "conviction must be reversed because it is not and cannot be a lesser offense of assault with a deadly weapon because they are 'different statements of the same offense.' (*People v. Aguayo*, *supra*, 13 Cal.5th 974, 979.)" "A defendant may be convicted of an uncharged crime if, but only if, the uncharged crime is necessarily included in the charged crime. [Citations.] The reason for this rule is settled. "'This reasoning rests upon a constitutional basis: 'Due process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial.' [Citation.]'" [Citation.] The required notice is provided as to any charged offense and any lesser offense that is necessarily committed when the charged offense is committed." (*People v. Reed* (2006) 38 Cal.4th 1224, 1227.)

Appellant was not convicted of an uncharged offense because ADW and assault GBI are different statements of the

4

same offense.  Therefore, by expressly alleging that appellant had used a granite slab to commit ADW, count 1 put appellant on notice that he could be convicted of the same offense based on the theory that he had used the granite slab to commit assault GBI. Appellant acknowledges that, pursuant to *Aguayo*, "force likely assault [assault GBI] by using the granite slab in a manner likely to cause death or great bodily injury is the same offense as assault with a deadly weapon where the weapon is [a] granite slab . . . ."

Moreover, appellant had notice of the assault GBI theory because to prove that he had used the granite slab as a deadly weapon, the People were required to show that he had committed assault GBI.  A granite slab is not inherently dangerous.  "'Some few objects, such as dirks and blackjacks, have been held to be deadly weapons as a matter of law; the ordinary use for which they are designed establishes their character as such. . . .'" (*People v. Aledamat* (2019) 8 Cal.5th 1, 6.)  "[D]eadly weapons or instruments not inherently deadly are defined by their use in a manner capable of producing great bodily injury."  (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1030.)  Thus, a noninherently dangerous granite slab qualifies as a deadly weapon only if it is used "in a manner likely to produce death or great bodily injury." (*Id*. at p. 1029.)

Appellant claims that the trial court's jury instruction on assault GBI as a lesser included offense of ADW "led the jury to convict [him] of [assault GBI] under the theory that [he] pummeled Uncle's face with his fists."  (Bold and capitalization omitted.)  Appellant argues that his "conviction for [assault GBI] cannot stand because [it] was based on an act (punching his Uncle) upon which [he] received absolutely no notice."

We disagree. The jury instructions made clear that assault GBI was based on appellant's act of throwing the granite slab at Uncle. The trial court instructed that assault GBI "is a lesser included offense of Assault with a Deadly Weapon Other than a Firearm *as charged in Count One*." (Italics added.) Count One was based on appellant's use of the granite slab, not his fists, in assaulting Uncle. Therefore, the assault GBI conviction must have been based on appellant's use of the granite slab.

If the jury had concluded that appellant had assaulted Uncle only with his fists, it would have acquitted him of assault GBI and instead found him guilty of simple assault. The jury was instructed on simple assault as "a lesser included offense of Assault with Force Likely to Produce Great Bodily Injury."

*No Duty to Instruct Sua Sponte on Self-Defense*

Appellant claims that the trial court had a duty to instruct the jury sua sponte on self-defense. "A trial court is required to instruct sua sponte on any defense, including self-defense, only when there is substantial evidence supporting the defense, and the defendant is either relying on the defense or the defense is not inconsistent with the defendant's theory of the case. . . . [¶] . . . In determining whether substantial evidence supports a defense, the trial court must leave issues of witness credibility to the jury." (*People v. Villanueva* (2008) 169 Cal.App.4th 41, 49.)

"'To justify an act of self-defense for [an assault charge under Penal Code section 245], the defendant must have an honest *and reasonable* belief that bodily injury is about to be inflicted on him. [Citation.]' [Citation.] The threat of bodily injury must be imminent [citation], and '. . . any right of self-defense is limited to the use of such force as is reasonable under

6

the circumstances. . . .'" (*People v. Minifie* (1996) 13 Cal.4th 1055, 1064-1065 (*Minifie*), first brackets in original.)

Substantial evidence does not support the theory that appellant was acting in self-defense when he assaulted Uncle. Appellant punched Uncle and threw the slab of granite before he had reasonable grounds to believe that "'bodily injury [was] about to be inflicted on him.'" (*Minifie, supra*, 13 Cal.4th at p. 1064.) Uncle did not grab the machete until after he had been hit in the face by the granite.

In any event, appellant cannot invoke self-defense because he initiated a physical attack against Uncle. "It is well established that the ordinary self-defense doctrine—applicable when a defendant *reasonably* believes that his safety is endangered—may not be invoked by a defendant who, through his own wrongful conduct (e.g., the initiation of a physical assault . . .), has created circumstances under which his adversary's attack or pursuit is legally justified." (*In re Christian S.* (1994) 7 Cal.4th 768, 773, fn. 1.)

Accordingly, the trial court had no duty to instruct sua sponte on self-defense.

*Sentence for Elder Abuse Must be Stayed*

For the elder abuse conviction on count 2, the trial court sentenced appellant to prison for three years. The court ordered that the sentence run concurrently with the three-year prison term imposed on count 1 for assault GBI. Appellant claims, and the People concede, that section 654 prohibits punishment for both offenses because they arose from the same act or course of conduct – appellant's assault against Uncle. We agree. Section 654 provides, "[I]n no case shall [an] act or omission be punished under more than one provision."

"[R]ather than . . . imposing concurrent sentences, when a court determines that a conviction falls within the meaning of section 654, it is necessary to *impose* sentence but to stay the *execution* of the duplicative sentence . . . . The sentencing court should stay execution of sentence pending completion of service of sentence upon the greater offense, with the stay to become permanent upon completion of that sentence." (*People v. Duff* (2010) 50 Cal.4th 787, 796.)

*Disposition*

Our original decision (*People v. Lavi* (June 22, 2021, B306345) [nonpub. opn.]) is vacated. The judgment is modified to stay execution of the three-year concurrent sentence imposed on count 2, elder abuse. (§ 368, subd. (b)(1).) The stay shall remain in effect pending completion of service of the three-year sentence imposed on count 1, assault GBI. (§ 245, subd. (a)(4).) The stay shall become permanent upon completion of that sentence. As modified, the judgment is affirmed. The trial court shall prepare an amended abstract of judgment and send a certified copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

8

Ben Coats, Judge

Superior Court County of Ventura

_____

Adrian Dresel-Velazquez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Roberta L. Davis, William H. Shin, Seth P. McCutcheon, Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.